UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JESSE SCHAFER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY M. MACMILLAN, and )<br>FARMERS INSURANCE COMPANY, )<br>INC. )<br>)<br>Defendants. ) | Cause No. 14-1053<br><br>Circuit Court of Cass County<br>Case No.: 14CA-CC00164 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW Defendant, Farmers Insurance Company, Inc., ("Farmers"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Petition, hereby states as follows:

1. Admitted.

2. Defendant admits that Farmers Insurance Company, Inc., is a foreign insurance company, registered to do business in Missouri. Defendant admits that it conducts business within the State of Missouri and may be served with process through the Director of Insurance. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant admits that it conducts business in Cass County, Missouri. Defendant denies the remaining allegations of paragraph 3.

4. Defendant is without sufficient information to admit or deny the allegations of Paragraph 4, and therefore denies same.

## COUNT I – JEFFREY MACMILLAN
## NEGLIGENCE

Defendant states that Count I is not addressed to this Defendant, but to separate Defendant Jeffrey MacMillan, and Defendant therefore makes no answer to Count I. Moreover, the Circuit Court of Cass County, Missouri, has entered a consent judgment against Jeffrey MacMillan, such that Count I of Plaintiff's First Amended Petition has been disposed of. To the extent these allegations are intended to be directed to this Defendant, said allegations are denied.

## COUNT II – FARMERS INSURANCE COMPANY, INC.
## UNDERINSURED MOTORIST COVERAGE

11. Defendant hereby incorporates its answers in the above paragraphs as though fully set forth herein.

12. Denied.

13. Defendant is without sufficient information to admit or deny the allegations of Paragraph 13, and therefore denies same.

14. Denied.

15. Defendant is without sufficient information to admit or deny the allegations of Paragraph 15, and therefore denies same.

16. Defendant is without sufficient information to admit or deny the allegations of Paragraph 16, and therefore denies same.

### AFFIRMATIVE DEFENSES

A. Further answering and as an affirmative defense, Farmers states that no coverage is afforded or applicable because Plaintiff breached the insurance contract and no coverage is afforded by entering into a settlement agreement and/or agreeing to a judgment in the underlying action

without Farmers' written consent and/or pursuant to a settlement made without Farmers' written consent, such that Farmers owes no coverage to Plaintiff under the Policy.

B.  Further answering and as an affirmative defense, Farmers states that it is not bound by the judgment obtained by Plaintiff in the underlying action because that judgment was obtained without Farmers' written consent and/or pursuant to a settlement made without Farmers' written consent.

C.  Further answering, and as an affirmative defense, Farmers states that it is not bound by the judgment obtained by Plaintiff in the underlying action under the following language and/or provisions in the Policy:

EDORSEMENT ADDING UNDERINSURED MOTORIST COVERAGE

\*\*\*

Exclusions

\*\*\*

This coverage does not apply to bodily injury sustained by a person:

1.  If that person or the legal representative of that person makes a settlement without our written consent.

\*\*\*

D.  Further answering and as an affirmative defense, Farmers states that it is not bound by the judgment obtained by Plaintiff in the underlying action because that judgment was the result of collusion between Plaintiff and the tortfeasor in the underlying action.

E.  Further answering and as an affirmative defense, Farmers states that it is not bound by the judgment obtained by Plaintiff in the underlying action because the amount of that judgment was unreasonable and was not a judgment on the merits but the result of a settlement entered into between Plaintiff and the tortfeasor without Farmers' consent.

3

F. Further answering, and as an affirmative defense, Farmers states that Plaintiff is not entitled to recovery under the Policy because at the time Plaintiff's alleged injury was incurred, Plaintiff was operating a vehicle owned by Plaintiff for which insurance is not afforded under the Farmers Policy; such that coverage does not apply to the bodily injury allegedly sustained by Plaintiff.

G. Further answering, and as an affirmative defense, Farmers states that Plaintiff is not entitled to recovery under the Policy based on the terms, conditions, and exclusions contained therein, including, but not limited to, the following language:

\*\*\*

EDORSEMENT ADDING UNDERINSURED MOTORIST COVERAGE

\*\*\*

Exclusions

\*\*\*

Coverage does not apply to bodily injury sustained by a person while occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy or thorough being struck by that vehicle.
\*\*\*

H. Further answering and as an affirmative defense, Farmers states that, even if UIM coverage is available, there is, at most, $250,000 total available to Plaintiff, because the Policy expressly prohibits stacking of UIM coverages.

I. Further answering, and as an affirmative defense, Farmers states that, even if UIM coverage is available, there is, at most, $250,000 total of UIM coverage available to Plaintiff under the following language and/or provisions of the Policies:

\* \* \*

ENDORSEMENT ADDING UNDERINSURED MOTORIST COVERAGE

\* \* \*

Limits of Liability

a.  Our liability under the UNDERinsured Motorist Coverage cannot exceed the limits of UNDERinsured Motorist Coverage stated in this policy, and the most we will pay will be the lesser of:

    1.  The difference between the amount of an insured person's damages for bodily injury, and the amount paid to that insured person by or for any person or organization who is or may be held legally liable for the bodily injury; or

    2.  The limits of liability of this coverage.

\* \* \*

c.  The limit for "each person" is the maximum for bodily injury sustained by any person in any one occurrence. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit…

\* \* \*

e.  We will pay no more than the limits stated in the policy regardless of the number of named insureds, insured vehicles in the household, insured persons, claims, claimants, policies or UNDERinsured motor vehicles involved in the occurrence.

f.  The amount of UNDERinsured Motorist Coverage we will pay shall be reduced by any amount paid or payable to or for an insured person;

    i.  by or for any person or organization who is or may be held legally liable for the bodily injury to an insured person; or

    ii. for bodily injury under the liability coverage of this policy.

\* \* \*

Exclusions

This coverage does not apply to bodily injury sustained by a person:

1.  If that person or the legal representative of that person makes a settlement without our written consent.

\* \* \*

Coverage does not apply to bodily injury sustained by a person while occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy or through being struck by that vehicle.

\* \* \*

Other Insurance

1. If any other UNDERinsured Motorist Coverage applies to a loss covered hereunder, we will pay only our share. Our share is the proportion that our limits of liability for UNDERinsured Motorist Coverage bear to the total of all applicable limits for UNDERinsured Motorist Coverage.

2. We will not provide insurance for a vehicle other than your insured car or your insured motorcycle, unless the owner of that vehicle has no other insurance applicable hereunder.

3. If any applicable insurance other than this policy is available to an insured person through us or any other member company of Farmers Insurance Group of Companies, the total amount payable among this policy and all other such policies shall not exceed the limits provided for the single vehicle with the highest limit of liability.

* * *

J. Further answering, and as an affirmative defense, Farmers states that there is no coverage available to Plaintiff to the extent other insurance provides coverage.

K. Further answering, and as an affirmative defense, Farmers states that, even if UIM coverage is available, it is entitled to a setoff of all amounts paid to Plaintiff by Progressive, whether that total remain the $25,000 paid to date, or increase to a total payment of $50,000, pursuant to the terms and agreements of the settlement agreement entered into between Plaintiff and Jeffrey MacMillan, as well as for the amounts any other proceeds received by Plaintiff.

L. Further answering, and as an affirmative defense, Farmers states that there is no UIM coverage available to Plaintiff to the extent his damages do not exceed the $25,000 already paid to him by Progressive; or alternatively the $25,000 payment by Progressive combined with the additional $25,000 that may be paid to Plaintiff pursuant to the settlement agreement entered into between Plaintiff and Jeffery MacMillan, totaling a payment of $50,000.

M. Further answering, and as an affirmative defense, Defendant states that Plaintiff's injuries as alleged in his Petition were directly and proximately caused or contributed to be

6
Case 4:14-cv-01053-DGK   Document 6   Filed 11/26/14   Page 6 of 17

caused by his own negligence, and fault should therefore be compared for all claims, including any derivative claims.

N. Further answering, and as an affirmative defense, Defendant incorporates Defendant's Counterclaim for Declaratory Judgment as if fully stated herein.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Farmers Insurance Company, Inc., prays for dismissal with prejudice of Plaintiff's lawsuit, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW Defendant/Counterclaimant Farmers Insurance Company, Inc. ("Farmers"), by and through the undersigned counsel, pursuant to Rules 13(a) and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, and for its Counterclaim for Declaratory Judgment, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Farmers is a foreign corporation organized and incorporated under the laws of the state of Kansas with its principal place of business in Los Angeles, California.

2. Plaintiff/Counter-Defendant Jesse Schafer is a citizen and resident of the state of Missouri.

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §§ 2201-2202, as Farmers seeks a determination of its rights and obligations under two policies of insurance issued to Mr. Schafer's parents, Michael and Linda Schafer. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Farmers and Mr. Schafer, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Furthermore, this Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367, because the claims in this Counterclaim form part of the same case or controversy as the claims asserted by Mr. Schafer in his Petition.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims contained in this Counterclaim occurred within this judicial district, as Mr. Schafer filed his Petition in the Circuit Court of Cass County, Missouri.

### GENERAL ALLEGATIONS

6. An actual case or controversy of a justiciable nature exists between Farmers and Mr. Schafer concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

7. The resolution of the matters raised in this Counterclaim for Declaratory Judgment will dispose of all issues and disputes between the parties.

8. All necessary and proper parties are before the Court with respect to the matters in controversy.

9. Farmers has no adequate remedy at law.

10. Farmers brings this Counterclaim seeking interpretation of an insurance policy issued to Mr. Schafer's parents and a declaration of its rights and obligations thereunder.

11. Farmers issued a policy of insurance, Policy No. 18685-70-05, with effective dates of February 18, 2014, to July 6, 2014, to Mr. Schafer's parents, Michael and Linda Schafer, (the "Policy"). A copy of the Policy is attached hereto as Exhibit A, and incorporated by reference as if fully set forth herein.

8

Case 4:14-cv-01053-DGK   Document 6   Filed 11/26/14   Page 8 of 17

12. Subject to certain provisions, conditions, and exclusions, the Policy provides underinsured motorist (UIM) coverage to Mr. Schafer as the relative of the named insureds, to the extent he qualifies as an 'insured person' under the Policy.

13. The Policy insured a 1996 Mazda B Series and a 2005 Chevrolet Malibu, neither of which being the vehicle involved in the accident at issue.

14. The Policy contains a UIM limit of $250,000.00 each person, $500,000.00 each occurrence.

15. The Policy also contains the following relevant provisions:

\* \* \*

ENDORSEMENT ADDING UNDERINSURED MOTORIST COVERAGE

This coverage applies only to the vehicle(s) for which this endorsement is listed on the Declarations page.

For an additional premium, it is agreed that UNDERinsured Motorist Coverage is added to your policy.

We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an UNDERinsured motor vehicle because of bodily injury sustained by an insured person. The bodily injury must be caused by an accident, and arise out of the ownership, maintenance or use of the UNDERinsured motor vehicle.

We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements…

\* \* \*

Limits of Liability

a. Our liability under the UNDERinsured Motorist Coverage cannot exceed the limits of UNDERinsured Motorist Coverage stated in this policy, and the most we will pay will be the lesser of:

   1. The difference between the amount of an insured person's damages for bodily injury, and the amount paid to that insured person by or for any person or organization who is or may be held legally liable for the bodily injury; or

   2. The limits of liability of this coverage.

\* \* \*

c.  The limit for "each person" is the maximum for bodily injury sustained by any person in any one occurrence. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit…

\* \* \*

e.  We will pay no more than the limits stated in the policy regardless of the number of named insureds, insured vehicles in the household, insured persons, claims, claimants, policies or UNDERinsured motor vehicles involved in the occurrence.

f.  The amount of UNDERinsured Motorist Coverage we will pay shall be reduced by any amount paid or payable to or for an insured person:

   i.  by or for any person or organization who is or may be held legally liable for the bodily injury to an insured person; or

   ii. for bodily injury under the liability coverage of this policy.

\* \* \*

h.  We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by the payment of judgments or settlements…

## Additional Definitions Used for UNDERinsured Motorist Coverage Only

a.  Insured person means:

   1.  You or a family member…

b.  Motor vehicle means a land motor vehicle or trailer…

c.  Underinsured Motor Vehicle – means a land motor vehicle to which a bodily injury liability bond or policy applies at the time of the accident but its limits for bodily injury liability are less than the limits of liability for this coverage.

\* \* \*

## Exclusions

\*\*\*

This coverage does not apply to bodily injury sustained by a person:

1.  If that person or the legal representative of that person makes a settlement without our written consent.

\*\*\*

Coverage does not apply to bodily injury sustained by a person while occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy or thorough being struck by that vehicle.

Other Insurance

1. If any other UNDERinsured Motorist Coverage applies to a loss covered hereunder, we will pay only our share. Our share is the proportion that our limits of liability for UNDERinsured Motorist Coverage bear to the total of all applicable limits for UNDERinsured Motorist Coverage.

2. We will not provide insurance for a vehicle other than your insured car or your insured motorcycle, unless the owner of that vehicle has no other insurance applicable hereunder.

3. If any applicable insurance other than this policy is available to an insured person through us or any other member company of Farmers Insurance Group of Companies, the total amount payable among this policy and all other such policies shall not exceed the limits provided for the single vehicle with the highest limit of liability.

\* \* \*

16. On or about June 24, 2014, Mr. Schafer claims that he and was operating a motorcycle in Cass County, Missouri, when it was struck by a vehicle driven by Jeffrey MacMillan. A copy of Plaintiff's Petition is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein.

17. Specifically, Plaintiff was operating a 2001 Honda 929 motorcycle, VIN number JH2SC44311M101819 (Hereafter, "2001 Honda Motorcycle").

18. Plaintiff owned the 2001 Honda Motorcycle.

19. The 2001 Honda Motorcycle was not a vehicle for which coverage was provided by the Policy.

20. Upon information and belief, at the time of the accident, Mr. MacMillan maintained a policy of insurance with Progressive with $25,000.00 each person, $50,000 each occurrence bodily injury liability limits.

21. Upon information and belief, Progressive has paid to Plaintiff $25,000.00, representing Ms. Holder's $25,000.00 each person bodily injury liability limit under the Progressive policy, and may pay an additional $25,000 pursuant to the terms and agreements of the settlement agreement entered into between Plaintiff and Jeffery MacMillan.

22. Mr. Schafer claims damages exceeding that amount and seeks UIM benefits under the Policy. (Ex. B).

### GROUNDS FOR DECLARATORY RELIEF

### COUNT I - OWNED AUTO EXCLUSION

23. Defendant incorporates by reference and re-alleges Paragraphs 1 through 22 of this Counterclaim as though fully stated herein.

24. Mr. Schafer cannot recover under the Policy as the policy expressly states that Coverage does not apply to bodily injury sustained by a person while occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy or thorough being struck by that vehicle. (Ex. A, Exclusions).

25. Moreover, even if Farmers owed UIM coverage to Mr. Schafer, the Policy expressly provides that the $250,000.00 each person UIM limit is the most Farmers is obligated to pay per person, regardless of the number of Policies.

26. Stacking of UIM coverages across the Policy is therefore precluded by the clear anti-stacking provisions in the Policies.

27. As such, Farmers can owe no more than $250,000.00 to Mr. Schafer, if UIM coverage is available.

28. Farmers denies UIM coverage and liability to Mr. Schafer under the Policy for the reasons set forth above, and for others, and has and continues to reserve all rights it has under the Policies and the laws of the state of Missouri.

29. Farmers has complied with all conditions precedent under the Policies.

30. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Farmers and Mr. Schafer under the Policies.

WHEREFORE, Defendant/Counter-Plaintiff Farmers Insurance Company, Inc., respectfully requests this Court to declare the rights and obligations of the parties under the Policies issued to Plaintiff/Counter-Defendant Jesse Schafer's parents, Michael and Linda Schafer, and to enter judgment in favor of Farmers, adjudging and declaring:

A. That at the time Plaintiff's alleged injury was incurred, Plaintiff was operating a vehicle owned by Plaintiff, for which insurance is not afforded under the Farmers Policy; such that coverage does not apply to the bodily injury allegedly sustained by Plaintiff.

B. That, to the extent UIM coverage exists, stacking of UIM coverages across the vehicles described in the Policy is not available, and the maximum amount for which Farmers could be liable if UIM coverage existed is $250,000.00;

C. That, to the extent UIM coverage exists, Farmers is entitled to a setoff of the $25,000.00 already paid by Mr. MacMillan's Progressive policy, and any other future payments made thereunder pursuant to the terms and agreements of the settlement agreement entered into between Plaintiff and Jeffery MacMillan;

D. That Farmers has no obligation to provide any coverage to Plaintiff as a result of the accident described in Plaintiff's First Amended Petition, or the consent judgment entered by the Circuit Court of Cass County, Missouri; and

E. That Farmers is entitled to such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – CONSENT TO SETTLE EXCLUSION

31. Farmers incorporates by reference each and every allegation set forth above, as though fully set forth herein.

32. The Policy provides that coverage does not apply to bodily injury sustained by a person if that person or the legal representative of that person makes a settlement without Farmers' written consent. (Ex. A, Exclusion 1).

33. The judgment in the Underlying Action was the product of an agreement between Plaintiff and Mr. MacMillan entered into without Farmers' consent.

34. Plaintiff breached the insurance contract by not obtaining Farmers' consent to settle with Mr. MacMillan.

35. Farmers therefore owes no coverage to Plaintiff under the Policy.

36. Additionally, Farmers is not bound by the judgment in the Underlying Action, as it was obtained without Farmers' written consent and/or pursuant to a settlement made without Farmers' written consent.

37. Furthermore, Farmers is not bound by the judgment in the Underlying Action because it was the result of collusion between Plaintiff and Mr. MacMillan.

38. Finally, Farmers is not bound by the judgment in the Underlying Action because the amount of that judgment was unreasonable, as it was not a judgment on the merits but the result of a settlement agreement entered into between Plaintiff and Mr. MacMillan without Farmers' consent.

39. As such, Farmers owes no UIM coverage to Plaintiff.

40. Moreover, even if Farmers owed UIM coverage to Plaintiff, the Policy expressly provides that the $250,000.00 each person UIM limit is the most Farmers is obligated to pay, regardless of the number of vehicles insured under the Policy.

41. Stacking of UIM coverages across the two vehicles insured is therefore precluded by the clear anti-stacking provision in the Policy.

42. As such, Farmers can owe no more than $250,000.00, if UIM coverage is available to Plaintiff.

43. Farmers denies UIM coverage and liability to Plaintiff/Counter-Defendant under the Policy for the reasons set forth above, and for others, and has and continues to reserve all rights it has under the Policy and the laws of the State of Missouri.

44. Farmers has complied with all conditions precedent under the Policy.

45. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Farmers and Plaintiff/Counter-Defendant under the Policy.

WHEREFORE, Defendant/Counter-Plaintiff Farmers Insurance Company respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to the parents of Plaintiff/Counter-Defendant Jesse Schafer, Michael and Linda Schafer, and to enter judgment in favor of Farmers, adjudging and declaring:

A. That Plaintiff breached the insurance contract by failing to obtain Farmers' consent to settle with Mr. MacMillan or to obtain a judgment on that settlement agreement, such that Farmers owes no coverage to Plaintiff under the Policy;

B. That Farmers is not bound by the judgment obtained by Plaintiff/Counter-Defendant against Mr. MacMillan in the Underlying Action because that judgment was not a judgment on the merits, but the product of a settlement agreement between Plaintiff and Mr. MacMillan entered into without Farmers' written consent, as required by the Policy;

C. That Farmers' is entitled to a determination of Plaintiff's damages in a trial on the merits;

D. That, to the extent UIM coverage exists, stacking of UIM coverages across the two vehicles insured under the Policy is not available, and the maximum amount for which Farmers could be liable if UIM coverage existed is $250,000.00;

E. That, to the extent UIM coverage exists, Farmers is entitled to a setoff of the $25,000.00 already paid by Mr. MacMillan's Progressive policy, and any other future payments made thereunder pursuant to the terms and agreements of the settlement agreement entered into between Plaintiff and Mr. MacMillan;

F. That Farmers has no obligation to provide any coverage to Plaintiff as a result of the accident described in Plaintiff's First Amended Petition, or the consent judgment entered by the Circuit Court of Cass County, Missouri; and

G. That Farmers is entitled to such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

**BROWN & JAMES, P.C.**

     /s/ Timothy J. Wolf
Russell F. Watters, 25758
Timothy J. Wolf, 53099
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
rwatters@bjpc.com
twolf@bjpc.com
*Attorneys for Farmers Insurance Company, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served via the court's electronic filing system and US Mail postage prepaid on this 26th day of November, 2014 to:

| | |
|---|---|
| James Manning | Brette Hart |
| James Manning, PC | Nickolas Brand |
| 2502 West Mechanic Street | Harris & Hart, LLC |
| Harrisonville, MO 64701 | 4501 College Blvd., Suite 190 |
| *Attorney for Plaintiff* | Leawood, Kansas 66211 |
| | *Attorney for Defendant Jeffrey M. MacMillan* |

     /s/ Timothy J. Wolf

#12040613